## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **ALECIA HORNER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIV-08-409-R** |
| | ) | |
| **CLAIMS MANAGEMENT** | ) | |
| **RESOURCES, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>ORDER</u>

Before the Court is Defendant's motion to dismiss Plaintiff's state law public-policy-based tort claim for wrongful gender- based termination pursuant to Rule 12(b)(6), F.R.Civ.P. Doc. No. 7.  Defendant asserts that because Plaintiff has an adequate federal remedy under title VII, a <u>Burk</u> public policy tort claim will not lie, citing Clinton v. State ex.rel Logan County Election Board, 29 P.3d 543 (Okla. 2001) and List v. Anchor Paint Mfg. Co., 910 P.2d 1011, 1014 (Okla. 1996), as recognized in Benavidez v. AmeriResource Temp Agency, Case No. 06-1244-R (W.D.Okla. Jan. 25, 2007); Murrell v. Saint Anthony Hospital, Case No. CIV-07-1150-W (W.D. Okla. Nov. 28, 2007); Peery v. Veolia Water North America-West, LLC, Case No. CIV-06-721-HE (W.D. Okla. April 10, 2007); and Eapen v. Dell Marketing USA, LP, Case No. CIV-07-277-F (W.D. Okla. Aug. 2, 2007).  To the extent Plaintiff seeks to rely on the Oklahoma Supreme Court's opinion in Saint v. Data Exchange, Inc., 145 P.3d 1037 (Okla. 2006), Defendant asserts that the court in <u>Saint</u> did not overrule <u>Clinton</u> and <u>List.</u>

Plaintiff in response asserts that she has a <u>Burk</u> claim for gender-based termination of her employment under the authority of Collier v. Insignia Financial Group 981 P.2d 321, 326

(Okla. 1999) because although <u>Collier</u> was a <u>quid pro quo</u> sexual harassment and constructive retaliatory constructive discharge case "sexual harassment has its genesis in discrimination based upon gender." Plaintiff's Response at p.3.   Plaintiff also relies on Judge Cauthron's Order of June 7, 2007 in Harman v. Oklahoma ex rel. Northern Oklahoma Board of Regents, 2007 WL 1674205 (W.D.Okla. June 7, 2007 (No. CIV-07-1327-C).

In Clinton v. State ex rel. Logan County Election Board, 29 P.3d 543 (Okla. 2001), the Oklahoma Supreme Court held that "the existence of a federal statutory remedy that is sufficient to protect Oklahoma public policy precludes the creation of an independent common law claim based on a public policy exception to the employment-at-will doctrine." 29 P.3d at 546.  It thus held that an at-will employee terminated based on status, such as gender, who has an adequate federal statutory remedy for wrongful discharge may not bring a tort claim for wrongful discharge in violation of Oklahoma's public policy.  Id.  The Oklahoma Supreme Court's decision in <u>Clinton</u> is dispositive of  Plaintiff's claim herein and Defendant's motion because Plaintiff has an adequate federal statutory remedy under Title VII for gender-based termination.  Plaintiff does not argue that <u>Saint</u> overrules <u>Clinton</u> and this Court has already held that it did not.  <u>See</u> Order, Benavidez v. AmeriResource Temp Agency, No. CIV-06-1244-R (W.D. Okla. Jan. 25, 2007) at p.3.  <u>See also</u> Order, Peery v. Veolia Water North America-West, L.L.C., No. CIV-06-721-H (W.D. Okla. April 10, 2007) at p.4.  Although Judge Cauthron in the <u>Harman</u> case, <u>supra</u>, did state that "a Burk-type tort is available to a person like Plaintiff, who seeks to bring a civil action based on employment discrimination because of her gender and/or age," 2007 WL 1674205 at *2, the statement is dicta because the plaintiff in <u>Harman</u> had not been terminated but only transferred to another position and Judge Cauthron found that fact was determinative and precluded any <u>Burk</u> tort claim. <u>Id</u>. At *3. With respect to Plaintiff's assertion that the recent case of Vasek v. Board of County Commissioners

of Noble County ___P.3d___, 2008 WL 1734925 (Okla. April 15, 2008) refutes Defendant's argument that the existence of an adequate federal remedy precludes a <u>Burk</u> tort claim in status-based termination cases, Plaintiff is wrong because <u>Vasek</u> was a case of conduct-based (retaliation for whistle-blowing), rather than statue-based, termination and the court concluded that a 42 U.S.C. § 1983 remedy for abridgment of First Amendment rights was "not a federal statutory remedy that adequately protected Oklahoma's public policy goal of reporting unsafe or unhealthy conditions in public buildings" and thus did not preclude a tort claim for wrongful discharge.  2008 WL 1734925 at *6.

In accordance with the foregoing, Defendant's partial motion to dismiss [Doc. No. 7] is **GRANTED** and Plaintiff's public policy-based tort claim for gender-based termination is **DISMISSED.**

**IT IS SO ORDERED this 27th day of May 2008.**

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE